**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **LATONYA DIXON**<br><br>*PLAINTIFFS*<br><br>vs.<br>**COMMONWEALTH OF PUERTO RICO; COMMONWEALTH HISTORIC PRESERVATION OFFICE; MULTINATIONAL INSURANCE COMPANY; "JOHN DOE 1" TO "JOHN DOE 10"; "JOHN DOE 11" TO "JOHN DOE 20"**<br><br>*DEFENDANTS* | **CIVIL NO. :**<br><br><br>**TORT – DIVERSITY**<br><br>**TRIAL BY JURY REQUESTED** |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES NOW** Latonya Dixon (hereinafter to as "" or "Plaintiff"), through the undersigned attorneys, and very respectfully states, alleges and prays:

## I.    NATURE OF THE ACTION

1.    This is an action brought pursuant to 28 U.S.C. §1332, seeking damages, in negligence, for injuries sustained by Ms. Dixon, resident of and domiciled in the state of New York, United States of America, as a result of a fall sustained by her, on July 4, 2024, in the Plaza del Quinto Centenario located in San Juan, Puerto Rico, which is owned by defendant Government of the Commonwealth of Puerto Rico and is administered, managed, preserved, inspected, supervised, repaired and maintained by defendant Commonwealth Historic Preservation Office (Oficina Estatal de Conservación Histórica de Puerto Rico). Plaintiff seeks damages including, but not limited to, physical injuries, loos of consortium, emotional and physiological pain, economic damages and punitive damages in negligence against the defendants named hereinafter.

## II.      JURISDICTION AND VENUE

2.    This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1332, because all the parties on either part of the controversy are of diverse citizenship and the amount in controversy exceeds the sum of **SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00),** exclusive of interest and costs.

3.    The facts set forth in this Complaint are actionable under Articles 1536 and 1540 of the Civil Code of Puerto Rico.  *31 L.P.R.A. § 10801* and *§ 10805*.

4.    Venue is proper in this District, pursuant to 28 U.S.C. § 1391, as this action concerns acts that occurred within the Commonwealth of Puerto Rico.

5.    Plaintiffs demand trial by jury.

## II.      THE PARTIES

### A.    PLAINTIFFS

6.    Ms. Dixon is of legal age and at all material times was, and still is, a resident of the state of New York of the United States of America.

### B.    DEFENDANTS

7.    The Commonwealth of Puerto Rico (hereinafter the "Commonwealth") is the entity that governs the people of Puerto Rico which at all times material was, and still is, the owner of the Plaza del Quinto Centenario.

8.    The Commonwealth Historic Preservation Office (Oficina Estatal de Conservación Histórica de Puerto Rico) (hereinafter the "Preservation Office") is an office attached to the office of Governor of the Commonwealth which at all times material was, and still is, the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the historic properties in Puerto Rico including the Plaza del Quinto Centenario. 3 L.P.R.A. §§ 1111-1112.

9.    At all times material to this action, the Preservation Office had a legal duty of care to keep the Plaza del Quinto Centenario free of risks and dangerous conditions and to take all

2

reasonable and necessary measures to protect the its visitors, invitees and persons legally using its premises, including Plaintiff, against any foreseeable risk of injury or harm.

10. At all times material to this action, defendants "JOHN DOE 1" to "JOHN DOE 10" were persons or entities with residence and domicile in a state other than New York that owned, entrusted, controlled, operated, inspected, repaired and provided maintenance to the Plaza del Quinto Centenario. Upon determination of the true name of defendants "JOHN DOE 1" to "JOHN DOE 10", Plaintiff herein will move forthwith to substitute their actual names for their fictitious name.

11. Defendant, Multinational Insurance Company ("Multinational") is an entity incorporated in Puerto Rico, dedicated to the insurance business and with principal place of business located at 470 Ave. Ponce de León, Hato Rey, San Juan PR 00918.

12. At all times material to this action, Multinational had issued one or more insurance policies to the Preservation Office, including policy number CP-369877 (hereinafter "Policy"), that cover risks and liabilities such as the ones described in this Complaint. As a result, Mapfre is directly liable to Plaintiff under the Policy for the events and damages described herein.

13. Defendants "JOHN DOE 11" to "JOHN DOE 20" are insurance companies that are residents of a state other than New York and at all times material to this action, were and still are the insurers of Preservation Office and/or "JOHN DOE 1" to "JOHN DOE 10" and had issued one or more insurance policies that cover risks and liabilities such as the ones described in this Complaint. As a result, they are directly liable to Plaintiff under the aforementioned policies for the events and damages described herein. Upon determination of the true name of defendants "JOHN DOE 11" to "JOHN DOE 20", Plaintiffs herein will move forthwith to substitute their actual names for their fictitious name.

3

### III.    FACTUAL BACKGROUND, NEGLIGENCE AND DAMAGES

**A. Factual background**

14. At all times material, the Commonwealth was the owner of the Plaza del Quinto Centenario.

15. At all times material, the Preservation Office was entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario.

16. At all times material to this action, the Preservation Office had a legal duty of care to keep the Plaza del Quinto Centenario free of risks and dangerous conditions, and to take all reasonable and necessary measures to protect its visitors, invitees and persons legally using its premises, including Plaintiff, against any foreseeable risk of injury or harm.

17. On July 4, 2024, Ms. Dixon was visiting the Plaza del Quinto Centenario while enjoying her vacation.

18. On that date, while walking in the premises of the Plaza del Quinto Centenario, Ms. Dixon's left leg slipped into an uncovered drain hole located in the floor of the fountain attraction provided for the use and pleasure of its visitors.

19. The aforementioned incident was caused solely by the dangerous condition created by the uncovered drain located in the floor of the fountain attraction.

20. The dangerous condition made it foreseeable that a person walking on the floor of the fountain attraction in the Plaza del Quinto Centenario would suffered an event such as the one suffered by Ms. Dixon. Nevertheless, said dangerous condition was not readily apparent to a reasonably prudent person.

21. After the aforementioned occurrence, Ms. Dixon was taken to the Ashford Hospital where she received treatment.

B. **Negligence**

22. Commonwealth, as owner of the Plaza del Quinto Centenario, had a legal duty of care towards visitors, invitees and persons legally using the premises of the Plaza del Quinto Centenario, such as Ms. Dixon, to provide adequate supervision, training, and instructions to its employees or agents to ensure that they would take any proper, reasonable and necessary precautions or measures required to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario in order to keep it free of risks and dangerous conditions.

23. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, had a legal duty of care towards the visitors, invitees and persons legally using the premises of the Plaza del Quinto Centenario, such as Ms. Dixon, to keep the Plaza del Quinto Centenario free of risks and dangerous conditions.

24. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, had a legal duty of care towards visitors, invitees and persons legally using the premises of the Plaza del Quinto Centenario, such as Ms. Dixon, to provide adequate supervision, training, and instructions to its employees or agents to ensure that they would take the proper, reasonable and necessary precautions or measures required to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario in order to keep it free of risks and dangerous conditions.

25. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, had a legal duty of care towards visitors, invitees and persons legally using the premises of the Plaza del Quinto Centenario, such as Ms. Dixon, to provide adequate supervision, training, and

5

instructions to its employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions so that they could effectively take any and all proper, reasonable and necessary precautions or measures required to protect said visitors, invitees and persons from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

26. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, had a legal duty of care towards visitors, invitees and persons legally using the premises of the Plaza del Quinto Centenario, such as Ms. Dixon, to employ adequate and capable employees.

27. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, knew or should have known, in the exercise of ordinary care, of the existence of the aforementioned dangerous condition and/or of its failure to properly supervise, train, instruct, or select its employees and/or agents.

28. Notwithstanding such knowledge and foreseeability, the Preservation Office failed to take the necessary measures and precautions to avoid and prevent an occurrence such as the one suffered by Ms. Dixon.

29. Commonwealth, as owner of the Plaza del Quinto Centenario, is liable for the negligent acts and omissions of its employees and agents.

30. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, is liable for itd negligent acts and omissions.

31. Preservation Office, as the office entrusted with the duty to administer, manage, preserve, inspect, supervise, repair and maintain the Plaza del Quinto Centenario, is liable for the negligent acts and omissions of its employees and agents.

32.  The event and injuries suffered and sustained by Ms. Dixon  were solely due, among others, to one or more of the following negligent acts and/or omissions of the Preservation Office:

a.  failure to properly inspect and maintain the Plaza del Quinto Centenario;

b.  failure to keep the entire premises of the Plaza del Quinto Centenario in a reasonably safe condition.

c.  failure to keep the Plaza del Quinto Centenario free from hazards, perils or dangers;

d.  failure to identify hazardous, perilous and/or dangerous condition in the Plaza del Quinto Centenario

e.  failure to place adequate warnings regarding the aforementioned hazardous, perilous and/or dangerous condition;

f.  failure to enclose, restrict or cordon off immediately the area where the uncovered opening in the floor of the illuminated floor fountain attraction was;

g.  failure to take any and all necessary steps and precautions to avoid and prevent the occurrence suffered by Ms. Dixon;

h.  failure to select adequate and/or capable employees and/or agents;

i.  failure to provide adequate supervision, training, and instructions to its employees or agents to ensure that they take any proper, reasonable and necessary precautions or measures required to protect visitors, invitees and persons legally using Plaza del Quinto Centenario against risks and dangerous conditions;

j.  failure to provide adequate supervision, training, and instructions to its employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions so that they could effectively take any

7

proper, reasonable and necessary precautions or measures required to protect visitors, invitees and persons legally using Plaza del Quinto Centenario from being exposed to any foreseeable risk or peril of bodily injury, damage or harm;

k. failure to provide adequate supervision, training, and instructions to its employees or agents to ensure that they would take any proper, reasonable and necessary precautions or measures required to enclose, restrict or cordon off the area of the uncovered drain hole in the floor of the floor of the fountain attraction.

33. It was reasonably foreseeable to the Preservation Office that its failure to comply with its duties and that its aforementioned negligent acts and/or omissions could cause the visitors, invitees and persons legally using Plaza del Quinto Centenario to suffer bodily injury, damage and harm, as those occasioned to and suffered by Ms. Dixon.

34. The negligence of the Preservation Office was the proximate and adequate cause of the injuries, damages and losses suffered by Ms. Dixon.

35. As a result thereof, the Preservation Office is responsible and liable to Ms. Dixon for her injuries.

C. **Damages**

36. As a direct result of the aforementioned occurrence, Ms. Dixon was seriously injured and suffered multiple serious traumas to her body including, but not limited to, trauma to her shoulders, arms, waist, back, knees and legs.

37. After the occurrence, Ms. Dixon was taken to the Ashford Hospital where she received treatment including, but not limited to, sutures, medications and X-rays.

38. As a direct result of the aforementioned injuries, Ms. Dixon was diagnosed, among other things, with the following conditions:

8

a.  Open wound in the left leg;

b.  Tissue tenderness.

39. As a direct result of the foregoing, Ms. Dixon has sustained and will continue to sustain in the future severe and great physical pain. The physical injuries that she sustained as a result of the fall have permanently and partially disable her.

40. As a direct result of the foregoing, Ms. Dixon is receiving medical treatment for the physical injuries she sustained as a result of the aforementioned occurrence.

41. As a direct result of the aforementioned occurrence, Ms. Dixon has sustained  and will continue to sustain in the future severe mental, moral, psychological, spiritual and emotional distress, pain and suffering.

42. As a direct result of the foregoing, Ms. Dixon is receiving medication management and psychotherapy at Sun River Health Center-Sydney Baer Clinic and has been diagnosed with Anxiety Disorder and Post Traumatic Stress Disorder.

43. As a direct result of the aforementioned occurrence, Ms. Dixon has suffered loss of income.

44. As a direct result of the aforementioned occurrence, Ms. Dixon has incurred and will incur in medical and other type of expenses.

## IV.    <u>TOLLING OF THE STATUTE OF LIMITATIONS</u>

45. The fall sustained by Ms. Dixon occurred on July 4, 2024.

46. Plaintiff tolled the statute of limitations by extrajudicially claiming compensation from the Preservation Office and Multinational on August 24, 2024, October 2, 2024, July 10, 2025, for the damages that Plaintiff has and will suffer resulting from the occurrence described above..

## V.    <u>FIRST CAUSE OF ACTION</u>

47. The preceding paragraphs are incorporated as if fully set forth herein.

48.  As a direct result of the aforementioned occurrence, Ms. Dixon was seriously injured and suffered multiple serious traumas to her body including, but not limited to, trauma to her shoulders, arms, waist, back, knees and legs.

49.  As a direct result of the aforementioned injuries, Ms. Dixon was taken to the Ashford Hospital where she received treatment including, but not limited to, sutures, medications and X-rays.

50.  As a direct result of the aforementioned injuries, Ms. Dixon was diagnosed, among other things, with the following conditions: open wound in the left leg and tissue tenderness.

51.  As a direct result of the foregoing, Ms. Dixon has sustained and will continue to sustain in the future severe and great physical pain. The physical injuries that she sustained as a result of the fall have permanently and partially disable her.

52.  Ms. Dixon, for the aforementioned physical injuries and damages, is entitled to recover from defendants, jointly and severally, as a full, just and fair compensation a reasonable sum of no less than **THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00)**.

## VI.    <u>SECOND CAUSE OF ACTION</u>

53.  The preceding paragraphs are incorporated as if fully set forth herein.

54.  As a direct result of the aforementioned occurrence, Ms. Dixon has sustained  and will continue to sustain in the future severe mental, moral, psychological, spiritual and emotional distress, pain and suffering.

55.  As a direct result of the foregoing, Ms. Dixon is receiving medication management and psychotherapy at Sun River Health Center-Sydney Baer Clinic and has been diagnosed with Anxiety Disorder and Post Traumatic Stress Disorder

56. As a direct result of the aforementioned occurrence, Ms. Dixon has sustained and will continue to sustain a loss of happiness, a loss of the capacity to enjoy life and the inability to maintain normal social and familial relationships.

57. Ms. Dixon, for the aforementioned severe mental, moral, psychological, spiritual and emotional distress, pain and suffering, loss of consortium, loss of happiness, loss of the capacity to enjoy life and the inability to maintain normal social and familial relationships, is entitled to recover from defendants, jointly and severally, is entitled to recover from defendants, jointly and severally, as a full, just and fair compensation a reasonable sum of no less than **THREE HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**.

## VII.    THIRD CAUSE OF ACTION

58. The preceding paragraphs are incorporated as if fully set forth herein.

59. As a direct result of the aforementioned occurrence, Ms. Dixon has suffered loss of income.

60. Ms. Dixon, for the aforementioned loss of income, is entitled to recover from defendants, jointly and severally, as a full, just and fair compensation, a reasonable sum of no less than **FIFTY THOUSAND DOLLARS ($50,000.00).**

## VIII.    FOURTH CAUSE OF ACTION

61. The preceding paragraphs are incorporated as if fully set forth herein.

62. As a direct result of the aforementioned occurrence, Ms. Dixon has incurred and will incur in medical and other type of expenses.

63. Ms. Dixon, for the aforementioned expenses, is entitled to recover from defendants, jointly and severally, as a full, just and fair compensation, a reasonable sum of no less than **TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).**

## IX.  FIFTH CAUSE OF ACTION

64. The preceding paragraphs are incorporated as if fully set forth herein.

65. Given that the conduct of the Preservation Office showed a serious disregard for the safety of Ms. Dixon, she is entitled to the imposition of additional compensation as provided by Article 1538 of the Puerto Rico Civil Code.

## X.   SIXTH CAUSE OF ACTION

66. The preceding paragraphs are incorporated as if fully set forth herein.

67. Under applicable law, Multinational and "JOHN DOE 11" to "JOHN DOE 20", pursuant to a contract or contracts of insurance, are directly liable to Plaintiff for a reasonable sum no less than the total of the ones claimed hereinbefore.

68. Plaintiff expressly demands direct judgment against codefendants Multinational and "JOHN DOE 11" to "JOHN DOE 20".

## XI.   INTERESTS, ATTORNEY FEES AND COSTS

69. The preceding paragraphs are incorporated as if fully set forth herein.

70. In the event defendants deny their negligence or the damages suffered by Plaintiff, by assuming such reckless conduct Plaintiff is entitled to pre and post judgment interest to be computed on the amounts recovered as a result of this complaint as well as costs, expenses and a reasonable amount of attorney's fees, as permitted by law.

## XII.   PETITION FOR RELIEF

**WHEREFORE,** it is respectfully requested from this Honorable Court that it grant the present Complaint, and it enter judgment against the defendants for the sums claimed herein.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 3rd of July 2026.

**QUINTANA & SUÁREZ, L.L.C.**
**400 Calle Calaf**
**PMB 165**
**San Juan, Puerto Rico 00918-1314**
**Tel. 787-761-1067**
**787-761-1310**

787-309-7531
Telefax  787-330-0015
mail: jorge@quintanasuarez.com

**s/ Jorge R. Quintana-Lajara**
**Lcdo. Jorge R. Quintana Lajara**
**U.S.D.C. No 219203**

**CARAZO QUETGLAS LAW OFFICES**
**PMB 133**
**Ave. Esmeralda #53, Ste. 2**
**Guaynabo, PR 00969-4461**
**Tel. (787) 707-0588**
**E mail: jorge@jctuayudalegal.com**

**s/ Jorge Carazo-Quetglas**
**Jorge Carazo-Quetglas**
**USDC-PR:      201305**